UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>14-CR-20378</u>-Martinez

**UNITED STATES OF AMERICA**

v.

**JOSE MANUEL LOPEZ MORALES,**

**Defendant.**
_____/

### GOVERNMENT'S SECOND MOTION FOR REDUCTION OF SENTENCE PURSUANT TO RULE 35(b) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND TITLE 18, UNITED STATES CODE, SECTION 3553(e)

Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3553(e), the United States of America hereby moves for a second downward departure to TIME SERVED for defendant JOSE MANUEL LOPEZ MORALES ("LOPEZ"), in order to reflect his substantial assistance in the prosecution and conviction of others. The defendant joins in this motion; he does not intend to submit a response and is not requesting a hearing. As set forth herein, after the government filed its initial Rule 35 motion for this defendant, LOPEZ provided additional substantial assistance to the United States in obtaining the guilty plea in the United States District Court for the Eastern District of Virginia ("EDVA") of narcotics trafficking defendant Jose Del Transito Garcia Turiel (hereinafter "Garcia"). Furthermore, the government learned of other aspects of cooperation discussed in the prior submission that were not previously presented to the Court.

The defendant's release date is currently set for October 13, 2021. The request for time served thus constitutes less than a 10 percent sentence reduction of the defendant's current sentence.

### PROCEDURAL HISTORY

1.  The background of this case is set forth in great detail in the government and defense

1

submissions for the original Rule 35 motion. In summary, the defendant was charged with participating in an international drug trafficking conspiracy in both this Court and the EDVA. He voluntarily surrendered to the United States on August 17, 2017, and entered a guilty plea before this Court to one count of Conspiracy To Distribute Five Kilograms Or More of Cocaine, Knowing or Intending That It Would Be Unlawfully Imported Into the United States, in violation of 18 United States Code Sections 993, 959.[1] He was sentenced by this Court on February 8, 2018 to a prison sentence of 132 months' incarceration.

2. The government thereafter moved for a sentence reduction pursuant to Rule 35(b) and 18 United States Code Section 3553(e). The motion, which had a public component filed on ECF that discussed the defendant's trial testimony and a supplemental portion that was under seal detailing cooperation that was not public, resulted in the Court granting the government's motion on June 23, 2020, and reducing the defendant's sentence to 57 months' incarceration.

## THE DEFENDANT'S ADDITIONAL COOPERATION

### Jose Del Transito Garcia Turiel ("Garcia")

3. Garcia was indicted by in the EDVA in 2015 and was a significant member of the Montes-Bobadilla Drug Trafficking Organization ("DTO"), which operated in the northeastern part of Honduras. (The trial in which LOPEZ testified in EDVA pertained to this DTO.) The DTO received maritime and clandestine air shipment of large quantities of cocaine from Colombia (and other South American locations) and worked with other drug transportation groups to move the shipments through Honduras into Guatemala and Mexico, for ultimate sale in the United States. Garcia's role in in the conspiracy included traveling to other countries to negotiate drug prices, coordinating methods of transportation for the cocaine shipments, including "go fast" boats, commercial container ships, and sailboats.

---

[1] As part of the plea agreement, the EDVA case was dismissed with the facts and conduct from that investigation incorporated into this case, including the Factual Proffer from the guilty plea and the resulting Presentence Investigation Report.

4.      Garcia was arrested in Honduras and extradited to the United States in March of 2021. Soon after his arrival, the EDVA court set a trial date of November 8, 2021.  LOPEZ did not provide assistance in charging or arresting Garcia and thus Garcia's case did not form part of the consideration in LOPEZ's earlier Rule 35 motion.  However, after LOPEZ testified in the DTO trial, it became clear to prosecutors in EDVA that LOPEZ's testimony would also be useful against Garcia.  Because LOPEZ presumptive release date was prior to the scheduled trial, the prosecutors in the EDVA scheduled a pre-trial deposition pursuant to Federal Rule of Criminal Procedure 15(a) before the Honorable District Judge Liam O'Grady. The deposition was to be conducted on Friday, June 24, 2021, and LOPEZ's cooperation – and expected testimony – were thus revealed to Garcia.  LOPEZ was transported to the EDVA in mid-June and met with the prosecutors and agents there on numerous occasions to prepare for his deposition testimony.  The defense was provided with all relevant Jencks Act material for that expected testimony.

5.      The day before the scheduled deposition, Garcia indicated that he wanted to plead guilty and Garcia did enter a guilty plea on the day of the scheduled deposition.  The written plea agreement for Garcia stipulated to a drug amount over 450 kilograms of cocaine (corresponding to a total offense level 38), which, with a reduction for entering a timely guilty plea and safety-valve, translated to 135 months' incarceration at the low end of the United States Sentencing Guidelines.  The government submits that LOPEZ provided substantial assistance in his willingness and preparation to testify at the pre-trial deposition against Garcia and credits that expected testimony – which was revealed to Garcia – in causing Garcia's conviction.

### Other Aspects of Cooperation

6.      In the government's original supplemental Rule 35 motion, which was filed under seal [DE 46], the government noted in paragraphs one through five that other prosecutions were brought against significant targets with LOPEZ's assistance.  In that original motion, the government further explained that LOPEZ's assistance in those cases had not been revealed.  However, the government has since learned that

LOPEZ's involvement in those cases was in fact disclosed to the defense via discovery and that same discovery has now been provided to defense counsel in a number of other criminal cases. Thus, the government submits that LOPEZ should be given additional credit for his participation in those cases, as credit was not accurately assessed at the time of the government's earlier Rule 35 submission.

## CONCLUSION

The parties agree that the defendant's substantial assistance merits a sentence reduction. The defense also agrees with the recommendation of TIME SERVED in this case, which is a further reduction of approximately 90 days. Given the joint nature of the recommendation, the parties do not request a hearing on this motion, unless the Court believes it necessary, and request only that the Court issue an amended judgement on the public docket.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: *Walter M. Norkin*
WALTER M. NORKIN
Assistant United States Attorney
Court ID No. A5502189
99 NE 4th Street, Room 718
Miami, Florida 33132-2111
Tel: (305) 961-9406

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2021, the undersigned filed the foregoing document with the Clerk of the Court by ECF and served a copy upon defense counsel of record via email.

/s/ Walter M. Norkin
Assistant United States Attorney